June 24, 2010

The Honorable Todd Hunter
Chair, Committee on Judiciary & Civil
    Jurisprudence
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0782

Re: Whether section 271.118 of the Local
Government Code prohibits a company from being
selected as a construction manager-at-risk for a
municipal project if a related company has been
selected as the project manager and design engineer
(RQ-0831-GA)

Dear Representative Hunter:

    Subchapter H of chapter 271 of the Local Government Code authorizes a governmental entity
to use various alternative delivery methods for the construction of certain projects and sets forth the
procurement procedures for those methods. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.111–.121
(Vernon 2005 & Supp. 2009). Section 271.118 of subchapter H authorizes the construction
manager-at-risk[1] method and prescribes the specific procedures a governmental entity must follow
"[i]n using that method and in entering into a contract for the services of a construction manager-at-
risk." *Id.* § 271.118(a) (Vernon Supp. 2009).[2] You ask "whether . . . 271.118(d) prohibits a company
from being selected as a Construction Manager at Risk for a City project if a related company has
been chosen as the City's project manager and design engineer on the project."[3]

    While you specifically ask about subsection 271.118(d), it is subsection 271.118(c) that
addresses the selection of the "design engineer" in relation to the selection of a construction

---

    [1]"A construction manager-at-risk is a sole proprietorship . . . or other legal entity that assumes the risk for
construction . . . of a facility at the contracted price as a general contractor and provides consultation to the governmental
entity regarding construction during and after the design of the facility." TEX. LOC. GOV'T CODE ANN. § 271.118(b)
(Vernon Supp. 2009).

    [2]"A contract entered into or an arrangement made in violation of . . . subchapter [H] . . . is void[,]" and "[a] court
may enjoin performance of a contract made in violation of this subchapter." *Id.* § 271.112(f).

    [3]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov). While you ask about "project
manager," you do not explain the term's meaning, and section 271.118 does not use that term. *See* TEX. LOC. GOV'T
CODE ANN. § 271.118 (Vernon Supp. 2009). Thus, we limit our discussion to the related company's role as a design
engineer.

manager-at-risk. *See id.* § 271.118(c). "Before or concurrently with selecting a construction manager-at-risk," subsection 271.118(c) requires a governmental entity to select or designate an engineer or architect (the "design engineer") who prepares the construction documents for the project and is responsible for complying with chapters 1001 and 1051 of the Occupations Code, which govern the practice of engineering, architecture, and related practices. *See id.* § 271.118(c); TEX. OCC. CODE ANN. §§ 1001.001–.604 (Vernon 2004 & Supp. 2009) (chapter 1001); *id.* §§ 1051.001–.801 (chapter 1051). Subsection (c) prohibits "the governmental entity's engineer, architect, or construction manager-agent for a project" from serving as the construction manager-at-risk "*unless* the engineer or architect is hired to serve as the construction manager-at-risk under a separate or concurrent procurement conducted" as provided by subchapter H. TEX. LOC. GOV'T CODE ANN. § 271.118(c) (Vernon Supp. 2009) (emphasis added). Thus, subsection (c) expressly permits the *same entity* to serve as the design engineer and as the construction manager-at-risk if hired pursuant to separate procurement processes. *See Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008) ("If the statute's language is unambiguous, its plain meaning will prevail."). If the same entity may serve in both capacities pursuant to separately procured contracts, it logically follows that the statute does not prohibit *related* entities from serving as the design engineer and as the construction manager-at-risk.

Subsection 271.118(d) requires a governmental entity to "provide or contract for, independently of the construction manager-at-risk, the inspection services, the testing of construction materials engineering, and the verification testing services necessary for acceptance of the facility." TEX. LOC. GOV'T CODE ANN. § 271.118(d) (Vernon Supp. 2009). The governmental entity must select such service providers in accordance with section 2254.004 of the Government Code. *See id.*; *see also* TEX. GOV'T CODE ANN. § 2254.004 (Vernon 2008) (setting forth procurement procedures for contracting for professional services of an architect, an engineer, or a surveyor). Subsection 271.118(d) does not address the selection of the design engineer in relation to the selection of the construction manager-at-risk.

Accordingly, in response to your specific question, we conclude that neither subsection 271.118(c) nor subsection 271.118(d) prohibits selection of a company as a construction manager-at-risk for a city project if a related company has been selected pursuant to a separate procurement process as the design engineer for the project.

## **S U M M A R Y**

Neither subsection 271.118(c) nor subsection 271.118(d) of the Local Government Code prohibits selection of a company as a construction manager-at-risk for a city project if a related company has been selected pursuant to a separate procurement process as the design engineer for the project.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee